**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RASHEEN JOHNSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1363 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Rasheen Johnson's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Doc. 1), the Memorandum and Brief in support thereof (Doc. 7), and a Supplemental Motion (Doc. 16). The government filed a response (Doc. 17), movant filed a reply (Doc. 18), and the government filed a traverse (Doc. 19). The matter is fully briefed and ready for decision. For the following reasons, the Court will deny the motion, as supplemented.

**Background**.

On January 10, 2002, movant was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Movant's trial began on July 7, 2003 and the case was presented to the jury on July 9, 2003. The jury was unable to reach a verdict and the Court declared a mistrial on July 10, 2003. On September 30, 2003, a second trial against movant commenced. The case was presented to the jury on October 2, 2003 and the jury reached a verdict of guilty later that day. On December 18, 2003, movant was sentenced to a term of 90 months imprisonment and two years supervised release.

Movant filed a timely appeal of the criminal conviction. Movant raised four issues on appeal: (1) the district court erred in giving the jury a supplemental instruction known as an Allen charge; (2) the district court erred in making a factual finding that movant had been previously convicted of a felony and enhancing movant's sentence, as the jury was required to make such a finding; (3) the district court erred in determining that the prior felony was a crime of violence, as the jury was required to make such a finding; and (4) the district court violated the Sixth Amendment by applying a two-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(4), based on its finding that the firearm had an obliterated serial number. The United States Court of Appeals for the Eighth Circuit affirmed on June 17, 2005. United States v. Johnson, 411 F.3d 928, 930-32 (8th Cir.), cert. denied, 546 U.S. 971 (2005).

In the § 2255 motion now before the Court, movant asserts five claims: (1) his attorney N. Scott Rosenblum was ineffective for failing to investigate his case and present testimony to the jury from attorney Terence Niehoff, who would have testified that the police planted the firearm on movant; (2) movant's attorney was ineffective for failing to have an independent analysis done of the firearm for a determination of fingerprints to support movant's contention that the gun was planted on him; (3) movant's Fifth and Sixth Amendment rights were violated when the Court made additional findings regarding a prior conviction to enhance his sentence beyond the facts found by the jury, and his attorney was ineffective for failing to object to the Court's action; (4) movant's Sixth Amendment rights were violated when the Court erred by enhancing movant's sentence for having a firearm with an obliterated serial number, and his attorney was ineffective for failing to object to

the Court's action; and (5) the conviction was unconstitutionally obtained because the government failed to disclose evidence favorable to the defendant. The Court will address each claim in turn.[1]

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

"A defendant is entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show that the defendant is not entitled to relief. United States v. Regenos, 405 F.3d 691,

---

[1]The grounds as discussed by the Court in this opinion do not directly correlate to the grounds as set forth in the Motion to Vacate. Grounds one and two as discussed by the Court are listed together in Ground One of the Motion to Vacate. Ground three as discussed by the Court is labeled Ground Two in the Motion to Vacate. Movant lists "sufficiency of the evidence" as Ground Three in the Motion to Vacate, but the accompanying "Memorandum and Brief in Support of Title 28 U.S.C. § Section § 2255" actually asserts a Sixth Amendment claim that the Court erred by enhancing movant's sentence for having a firearm with an obliterated serial number and that movant's attorney was ineffective for failing to object to the Court's action. The Court discusses this ground as Ground Four. The Court discusses ground four in the Motion to Vacate, prosecutorial misconduct, as Ground Five.

694 (8th Cir. 2005) (internal punctuation and quoted case omitted). "A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

**I**.

Movant's first ground is that his attorney N. Scott Rosenblum was ineffective for failing to investigate his case and present testimony to the jury from attorney Terence Niehoff, who would have testified that the police planted the firearm on movant. Movant states that his attorney should have questioned Mr. Niehoff "regarding the event's [sic] that transpired when petitioner contact [sic] Attorney Niehoff the night of his arrest." Mem. and Brief in Supp. at 5.[2] Movant asserts that Mr. Niehoff could have been

> presented as a witness a credible expert as to State Police procedure in regards to the arrest and detainment of Black men in high crime area's [sic] and the fact that these police officer's [sic] working this area had a propensity to manufacture evidence against suspect or innocent citizen to elicit cooperation in attaining information about other illegal activities in which the Officer may be interested.

Id. Movant states further that "Niehoff would have testified that he was aware that the officer's [sic] placed a firearm on petitioner at the police station the night of his arrest." Id.

The government responds that movant fails to state what the testimony of the attorney would have been, and fails to explain how it would cause a jury to have found him not guilty. The

[2]This page is labeled as page (3).

government further responds that while movant states he told his attorney about this matter many times and the attorney did nothing, movant never mentioned this to the Court and thanked his attorney on the record at the sentencing. Finally, the government states that at trial, movant's counsel cross-examined at length all of the police witnesses and thoroughly questioned them about where the firearm was found on movant, whether a firearm could have been planted on hin by the officers, and the lack of testing of the firearm for fingerprints.

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, a movant "must show a reasonable probability that absent the alleged errors of counsel he would have been found not guilty." United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002)

(citing Garrett v. United States, 78 F.3d 1296, 1301 (8th Cir.), cert. denied, 519 U.S. 956 (1996)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," a court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

To establish prejudice from counsel's failure to investigate potential witnesses, a movant must show that the witnesses would have testified and that their testimony would have probably changed the outcome of the trial. Hadley v. Groose, 97 F.3d 1131, 1135 (8th Cir. 1996) (discussing claim under 28 U.S.C. § 2254) (citing Stewart v. Nix, 31 F.3d 741, 744 (8th Cir. 1994)); Brown v. United States, 656 F.2d 361, 364 (8th Cir. 1981) (§ 2255 movant must allege facts to support claim of failure to investigate); see also Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.) (appellant who filed a § 2254 motion but produced no affidavit from the witness in question or any other independent support for his claim failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial, as required by Strickland), cert. denied, 493 U.S. 898 (1989).

"The decision not to call a witness is a virtually unchallengeable decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005) (internal marks and cited cases omitted); see also Bowman v. Gammon, 85 F.3d 1339, 1345 (8th Cir. 1996) (noting that under Strickland, "decisions related to trial strategy are virtually unchallengeable"), cert. denied, 520 U.S. 1128 (1997). The issue here is not simply one of strategy and determining whether or not to call a witness, but if trial counsel was unreasonable in not exploring an alleged defense. As such, the focus is not on

counsel's decision not to call Niehoff, but the allegation that counsel failed to interview Niehoff after movant informed his counsel that Niehoff had exculpatory information and was willing to testify on movant's behalf. Cf. United States v. Vazquez-Garcia, 211 F. App'x 544, 545-46 (8th Cir. 2007).

The Eighth Circuit has "stated that failing to interview witnesses or discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." Id. (quoting Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir. 1994)). "This does not automatically lead to a conclusion that counsel was ineffective however, because even if we assume that counsel's failure to interview [Niehoff] did not meet an objective standard of conduct, [movant] still needs to 'make a substantial showing that, but for counsel's failure to interview . . . the witness[] in question, there is a reasonable probability that the result of his trial would have been different.'" Vazquez-Garcia, 211 F. App'x at 546 (quoting Kramer, 21 F.3d at 309).

Here, movant alleges that Niehoff would have testified (1) as a fact witness about "events that transpired when [movant] contact[ed] Attorney Niehoff the night of his arrest," specifically that a firearm was planted on movant at the police station the night of his arrest, and (2) as an expert witness as to "State Police procedure in regards [sic] to the arrest and detainment of Black men in high crime areas . . . and officers' "propensity to manufacture evidence against" suspects to elicit cooperation. Mem. and Brief in Supp. at 5.

Movant did not submit an affidavit or other testimony from Mr. Niehoff to the effect that he would have testified at trial and the nature of his testimony. All movant offers is speculation that Mr. Niehoff might have testified to the foregoing. "This sort of speculation is "simply inadequate to 'undermine confidence in the outcome'" of the trial. Sanders, 875 F.2d at 210 (quoting Strickland, 466 U.S. at 694). Accordingly, this ground should be dismissed.

**II.**

Movant's second ground is that his attorney was ineffective for failing to have an independent fingerprint analysis performed on the firearm, to support movant's contention that the firearm was planted on him. The government does not respond to this ground.

Movant has not shown that an independent analysis of the firearm would have produced evidence to support his contention that it was planted on him. The only support movant has for his claim that an independent analysis would have shown that the firearm was planted on him is his own speculation. This type of speculation is insufficient to meet the heavy burden to "undermine confidence in the outcome" of the trial. See Apfel, 97 F.3d at 1076; Strickland, 466 U.S. at 694. See, e.g., Walls v. Bowersox, 151 F.3d 827, 835 (8th Cir.1998) (finding that § 2254 habeas petitioner failed to establish prejudice from trial counsel's allegedly deficient performance in not obtaining additional testing; petitioner made no showing that such testing "would have revealed exculpatory or mitigating information" and offered only "speculation" that testing might have done so). This ground should therefore be dismissed.

**III.**

Movant's third ground is that his Fifth and Sixth Amendment rights were violated when the Court made additional findings to enhance his sentence beyond the facts found by the jury, and his attorney was ineffective for failing to object to the Court's action. Although it is unclear, the Court interprets this ground as asserting ineffective assistance of counsel based on counsel's failure to object to the Court's determination that movant had a prior felony conviction. See Mem. and Brief in Supp. at 13.[3]

---

[3]This page is labeled as page (11).

The government responds that movant raised "this very issue on direct appeal," Response at 3, and because it was raised and decided adversely to movant on direct appeal, it cannot be relitigated in a § 2255 action, citing Anderson v. United States, 619 F.2d 772, 773 (8th Cir. 1980).

A movant may not relitigate a claim in a § 2255 motion that has been decided adversely to him on appeal. Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam). To the extent that movant asserts the Court erred in determining the fact of his prior felony conviction, this issue was raised and decided against him on appeal and cannot be relitigated here. The Court of Appeals found the argument was without merit because (1) movant admitted the fact of conviction by failing to object to its inclusion in the presentence report, and (2) the Sixth Amendment does not require the fact of a prior conviction to be determined by a jury. Johnson, 411 F.3d at 931.

The Court believes that movant is actually asserting the related issue that his attorney was ineffective for failing to object to the Court's factual finding concerning the prior conviction. This claim also fails, because movant does not show how he was prejudiced by counsel's failure to raise the meritless claim. Therefore, movant cannot establish that his counsel was ineffective for failing to object to the Court's finding. See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel not ineffective for failing to raise meritless claims).

**IV**.

Movant's fourth ground is that his Sixth Amendment rights were violated when the Court applied a two-level enhancement to his sentence pursuant to United States Sentencing Guidelines § 2K2.1(b)(4) for having a firearm with an obliterated serial number, and that his attorney was ineffective for failing to object to the Court's imposition of the enhancement.

To the extent movant asserts that the Court erred in applying the two-level enhancement for having a firearm with an obliterated serial number, this issue was raised and decided against him on appeal and cannot be relitigated here. Dall, 957 F.2d at 572. The Court of Appeals found the argument was without merit because movant failed to object to the factual conclusion in the presentence report that he was in possession of a firearm with its serial number obliterated. Johnson, 411 F.3d at 931.

Movant's assertion that his attorney was ineffective for failing to object to the Court's imposition of the two-level enhancement for the obliterated serial number and for failing to object to the presentence report also fails, for two reasons. First, the rules announced in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), do not apply on collateral review. United States v. Hernandez, 436 F.3d 851, 555 (8th Cir. 2006), Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Second, the Court finds that movant's counsel's performance was not "deficient" for failing to predict, more than six months before Blakely was decided and more than a year before Booker was decided, that Apprendi v. New Jersey, 530 U.S. 466 (2000), could be interpreted to bar increases in guidelines sentences based on a trial judge's finding of facts by the preponderance of the evidence, where then-controlling law had rejected that interpretation.

Movant's claim also fails because movant does not show how he was prejudiced by counsel's failure to make the objection. In preparing the Presentence Investigation Report ("PSR") for the Court's use in sentencing movant, the Probation Officer listed as part of the Offense Conduct Section that "the Rossi brand .44 caliber revolver had . . . its serial number obliterated . . . ." (PSR at ¶ 5, Doc. 75 in Case No. 4:02-CR-16 CAS). Movant filed an acceptance to the PSR stating that he had

no objections to it. (Doc. 73 in Case No. 4:02-CR-16 CAS). The record reflects that the Court asked movant about the PSR at the sentencing hearing:

> THE COURT: Mr. Welby [defendant's counsel], you've had occasion to review this presentence investigation report?
>
> MR. WELBY: Yes, Your Honor.
>
> THE COURT: You have any objection to the report?
>
> MR. WELBY: No, Your Honor.
>
> THE COURT: What about yourself, Mr. Johnson, you read the report?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You have any objection or disagreement to the report?
>
> THE DEFENDANT: No, sir.

Sentencing Tr. at 2 (Doc. 91 in Case No. 4:02-CR-16 CAS).

As the Eighth Circuit found, movant did not object to the factual finding in the PSR that the firearm had an obliterated serial number. Movant does not present any new evidence to establish that the firearm did not have an obliterated serial number, or even assert that he asked his attorney to address the issue. Movant's argument is that the jury, rather the Court, was required to determine whether the firearm had an obliterated serial number, citing Blakely, 542 U.S. 296. This factual finding, however, was within the Court's authority.

"In Blakely, the Supreme Court held that a court cannot enhance a sentence beyond the statutory maximum based on judicial findings that were neither admitted by the defendant nor found by a jury beyond a reasonable doubt. 542 U.S. at 303-04; cf. Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that any fact that increases a sentence beyond the prescribed statutory maximum must be proven beyond a reasonable doubt to a jury)." United States v. Idriss, 436 F.3d 946, 950 (8th Cir.

2006) (parallel citations omitted). In Booker, 543 U.S. 220, the "Supreme Court extended Blakely's holding to the federal [sentencing] guidelines, holding that they run 'afoul of the Sixth Amendment insofar as the scheme [is] based on certain facts found by the sentencing judge' and requires the judge 'to impose a more severe sentence than could have been imposed based on facts found by the jury or admitted by the defendant.'" Idriss, 436 F.3d at 950 (quoting United States v. Marcussen, 403 F.3d 982, 983 (8th Cir.), cert. denied, 546 U.S. 950 (2005)).

The Eighth Circuit has held that under Booker, a "district court may . . . enhance a defendant's sentence based on its own fact findings so long as the district court recognizes the guidelines scheme to be merely advisory and does not enhance the sentence beyond the statutory maximum." Idriss, 436 F.3d 946, 950-51 (citing Booker). "Under the now-advisory guidelines, a district court may still find its own facts that enhance the base offense level of the guidelines range, so long as the statutory maximum is not surpassed." United States v. Roberson, 517 F.3d 990, 993 (8th Cir. 2008) (cited cases omitted).

The maximum term of imprisonment for a violation of 18 U.S.C. § 922(g) was ten years pursuant to 18 U.S.C. § 924(a)(2). See PSR at ¶ 78. Movant's sentence of 90 months was below the statutory maximum for the crime even with the two-level enhancement based on the Court's finding that movant possessed a firearm with an obliterated serial number. As a result, the Court's imposition of the enhancement was not error and did not violate movant's Sixth Amendment rights. See Roberson, 517 F.3d at 993. Any objection movant's attorney might have made concerning the Court's imposition of the two-level enhancement for the obliterated serial number would have been rejected. Counsel will not be deemed ineffective for failing to raise a meritless argument. See Thomas, 951 F.2d at 904. This ground should therefore be dismissed.

**V**.

Movant's fifth ground alleges prosecutorial misconduct in that the prosecutor failed to disclose evidence that the police officer planted a firearm on movant at the police station and that state charges against movant were later dropped. Movant alleges:

> Officer Church 4146 originally 9-15-01 put gun on me at the station, and took a picture, on or about 9-02 or 10-02 the state prosecuter [sic] was familiar with incedent [sic] also my then attorney Terrance Niehoff knew gun was planted on me, the state case was latter [sic] noli processed [sic] it was never mentioned in federal court.

Mot. to Vacate at 5. Movant does not discuss this ground in his Memorandum and Brief in support of the motion to vacate, but explains in his reply memorandum (Doc. 18) that his claim of prosecutorial misconduct concerns:

> state prosecution and Federal Prosecution records that support a firearm was placed upon Petitioner at the time of his arrest. The firearm was a throw away pistol used by The Police Officer's [sic] of The St. Louis Police department, during their investigations, whereas when The officers are seeking information they will arrest citizens in a high crime area to gather information regarding alleged crime, in which The Officers may be interested in.
>
> These facts of misconduct can be borne out by The Petitioner's observation as well as by those of the Assistance [sic] District Attorney's office who interviewed all The Police statements and investigation reports, Both State and Federal. Nonetheless, the government's responsive papers in oppossition [sic] of Petitioner's § 2255 motion, failed to jump the above stated hurdle. Thus, The Governemnt [sic] did not deny the allegations of misconduct, and are therefore deemed to have admitted the specific allegations of Prosecutorial misconduct.

Rely at 5-6.[4]

---

[4]It is clear to the Court from both the Motion to Vacate and movant's Reply memorandum that movant asserts a direct claim of prosecutorial misconduct in Ground Five, and does not allege ineffective assistance of counsel with respect to this ground.

The government responds in its Traverse that petitioner has made only a bare allegation against the prosecutor and has provided no evidence of a Brady violation.[5] The government further responds that movant did not raise this issue on appeal and it is therefore procedurally defaulted.

The government is correct that movant did not raise this claim on direct appeal. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Frady, 456 U.S. at 168; Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U .S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 (1995). See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion), cert. denied, 525 U.S. 828 (1998).

The instant claim could have been raised on direct appeal. Movant has not shown cause and actual prejudice to excuse his failure to raise Ground Five on direct appeal. See Frady, 456 U.S. at 168. In addition, movant has not presented new evidence tending to establish that he is actually innocent of the crimes for which he was sentenced. See Schlup, 513 U.S. at 327. As a result, Ground Five is procedurally barred and will be dismissed on that basis.

---

[5]Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, make clear that the government must provide a defendant with exculpatory evidence.

**Request for Hearing**.

Movant requests an evidentiary hearing on his motion to vacate. "A section 2255 petition can be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory." Evans v. United States, 200 F.3d 549, 551 (8th Cir. 2000). The Court concludes that no hearing is required because some of movant's allegations, accepted as true, would not entitle him to relief, and the remainder are either contradicted by the record or are conclusory. Accordingly, movant's request for an evidentiary hearing will be denied.

**Certificate of Appealability**.

Under 28 U.S.C. § 2253, as amended by the AEDPA, "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) ("The question [on the certificate of appealability determination] is the debatability of the underlying constitutional claim, not the resolution of that debate.").

Upon careful review of the record, the Court finds movant has not demonstrated that reasonable jurists would (1) find the Court's assessment of the constitutional claims debatable or wrong; or (2) find it debatable whether the Court was correct in its procedural rulings, and therefore the Court does not reach the issue whether reasonable jurists would find it debatable that the petition

states a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85. The Court therefore concludes movant is not entitled to a certificate of appealability on his claims.

**Conclusion**.

For the reasons stated above, the Court finds that movant Rasheen Johnson is not entitled to relief on his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, as all of his claims for relief are either procedurally barred or fail on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that movant Rasheen Johnson's motion under 28 U.S.C. § 2255, as supplemented, is **DENIED**. [Doc. 1, 7, 16]

**IT IS FURTHER ORDERED** that movant's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that movant Rasheen Johnson has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of June, 2008.