# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RASHEEN JOHNSON,                         )
                                         )
        Movant,                 )
                                         )
    v.                           )      No. 4:06-CV-1363 CAS
                                         )
UNITED STATES OF AMERICA,                )
                                         )
        Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Rasheen Johnson's "Motion to Reopen Section 2255 Motion Under Federal Rules of Civil Procedure Rule 60(b)." The government responded to the motion and movant Johnson filed a reply and a memorandum concerning judicial notice. For the following reasons, the Court will dismiss the motion.

**Background**.

On January 10, 2002, movant was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Movant's trial began on July 7, 2003 and the case was presented to the jury on July 9, 2003. The jury was unable to reach a verdict and the Court declared a mistrial on July 10, 2003. On September 30, 2003, a second trial against movant commenced. The case was presented to the jury on October 2, 2003 and the jury reached a verdict of guilty later that day. On December 18, 2003, movant was sentenced to a term of 90 months imprisonment and two years supervised release.

Movant filed a timely appeal of the criminal conviction. Movant raised four issues on appeal: (1) the Court erred in giving the jury a supplemental instruction known as an <u>Allen</u> charge; (2) the

Court erred in making a factual finding that movant had been previously convicted of a felony and enhancing movant's sentence, as the jury was required to make such a finding; (3) the Court erred in determining that the prior felony was a crime of violence, as the jury was required to make such a finding; and (4) the Court violated the Sixth Amendment by applying a two-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(4), based on its finding that the firearm had an obliterated serial number. The United States Court of Appeals for the Eighth Circuit affirmed on June 17, 2005. United States v. Johnson, 411 F.3d 928, 930-32 (8th Cir.), cert. denied, 546 U.S. 971 (2005).

Movant filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence which asserted five claims: (1) movant's attorney N. Scott Rosenblum was ineffective for failing to investigate his case and present testimony to the jury from attorney Terence Niehoff, who would have testified that the police planted the firearm on movant; (2) movant's attorney was ineffective for failing to have an independent analysis done of the firearm for a determination of fingerprints to support movant's contention that the gun was planted on him; (3) movant's Fifth and Sixth Amendment rights were violated when the Court made additional findings regarding a prior conviction to enhance his sentence beyond the facts found by the jury, and his attorney was ineffective for failing to object to the Court's action; (4) movant's Sixth Amendment rights were violated when the Court erred by enhancing movant's sentence for having a firearm with an obliterated serial number, and his attorney was ineffective for failing to object to the Court's action; and (5) the conviction was unconstitutionally obtained because the government failed to disclose evidence favorable to the defendant. The Court denied relief on the § 2255 motion by Memorandum and Order dated June 9, 2008 (Doc. 20). Movant filed an appeal of the denial, but the Eighth Circuit

Court of Appeals denied a certificate of appealability and dismissed the appeal. <u>Johnson v. United States</u>, No. 08-2805 (8th Cir. Oct. 14, 2008).

**<u>Discussion</u>**.

Movant seeks to reopen his § 2255 motion pursuant to Rules 60(b)(2) and (6), Fed. R. Civ. P., to present newly-discovered evidence that "the government's main witness against him, officer Bobby Garrett, is charged in a corruption case" and "was indicted on charges of planting evidence, stealing money, arresting and [sic] innocent man and dealing drugs." Mot. to Reopen at 4. Movant has requested the Court to take judicial notice that Garrett was scheduled to plead guilty to federal charges on August 28, 2009.[1]

The government responds that the motion to reopen is actually a second or successive § 2255 motion under <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), and should be dismissed because movant did not first obtain authorization from the Eighth Circuit Court of Appeals to file such a motion, as required by 28 U.S.C. § 2255(h) and <u>Boyd v. United States</u>, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). With respect to the merits, the government states that movant's original § 2225 motion alleged that Officer Church, not Officer Garrett, planted the firearm on movant at the police station, and movant has not asserted how evidence that Garrett was charged would have changed the outcome in this matter.

The government is correct that a federal prisoner may file a second or successive motion under § 2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); <u>see also</u> 28 U.S.C. § 2244(b)(3). "It is well-established that

---

[1]Garrett entered a plea of guilty to certain charges on August 28, 2009, in <u>United States v. Bobby Lee Garrett</u>, No. 4:08-CR-703 ERW (E.D. Mo.).

inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) (per curiam), cert. denied, 545 U.S. 1135 (2005) (citing United States v. Patton, 309 F.3d 1093 (8th Cir. 2002) (per curiam), and Boyd, 304 F.3d at 814).

The Eighth Circuit Court of Appeals has instructed district courts to conduct "a brief initial inquiry" to determine whether a Rule 60(b) motion is actually a second or successive habeas petition. Boyd, 304 F.3d at 814. "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." Id.

The basis for Johnson's motion to reopen his § 2255 proceeding is a claim of newly discovered evidence under Rule 60(b)(2), which relates to previously raised and denied claims that the firearm was planted on movant. In Gonzalez, 545 U.S. at 531, the United States Supreme Court stated that a motion under Rule 60(b)(2) seeking leave to present newly discovered evidence in support of a claim previously denied is properly considered successive habeas petitions and must be treated accordingly. This is because a "habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to [the rules concerning second or successive habeas applications] would be 'inconsistent with' the statute." Id.

Although the holding of Gonzalez was limited to the application of Rule 60(b) in proceedings by state prisoners under 28 U.S.C. § 2254, id. at 530 n.3, the Supreme Court noted that the provisions of §§ 2254 and 2255 concerning second or successive motions are "similar." Id. This

Court finds that the principles articulated in <u>Gonzalez</u> are applicable in this case, based on the similarities between the applicable rules and statutes. <u>Compare</u> 28 U.S.C. § 2254 and 28 U.S.C. §§ 2244(b)(1)-(3) <u>with</u> Rule 12, Rules Governing Section 2255 Proceedings for the U.S. District Courts and 28 U.S.C. § 2255(h); <u>see also</u> Fed. R. Civ. P. 81(a)(4). <u>See also United States v. Scott</u>, 414 F.3d 815, 816 (7th Cir. 2005) (applying <u>Gonzalez</u> analysis to a second or successive motion under § 2255); <u>United States v. Nelson</u>, 465 F.3d 1145, 1147-49 (10th Cir. 2006) (same).

Johnson's motion in this case asserts that newly discovered evidence warrants relief from the denial of his § 2255 motion Rule 60(b)(2) and is a "reason justifying relief" under Rule 60(b)(6). Based on the Supreme Court's teaching in <u>Gonzalez</u>, the Court concludes that Johnson's motion under Rule 60(b) is actually a second and successive habeas petition under § 2255, and should be recharacterized as such and dismissed for failure to obtain authorization from the Eighth Circuit Court of Appeals.

**<u>Conclusion</u>**.

For the foregoing reasons, Rule 60(b) does not provide Johnson with a means to challenge his sentence, because the relief he seeks is properly brought as a second or successive § 2255 motion. Johnson did not obtain advance authorization from the Eighth Circuit Court of Appeals to file the instant motion, as required by law. <u>See</u> <u>Lambros</u>, 404 F.3d at 1037. As a result, the Court will dismiss the motion under Rule 60(b) for Johnson's failure to obtain authorization from the Court of Appeals. <u>See</u> <u>Boyd</u>, 304 F.3d at 814.

Accordingly,

**IT IS HEREBY ORDERED** that Rasheen Johnson's "Motion to Reopen Section 2255 Motion Under Federal Rules of Civil Procedure Rule 60(b)" is **reclassified** as a successive § 2255 Motion to Vacate, Set Aside, or Correct Sentence. [Doc. 29]

**IT IS FURTHER ORDERED** that this Motion is **DISMISSED** for failure to obtain authorization from the Eighth Circuit Court of Appeals. [Doc. 29]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of September, 2009.